## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHERINE ARRINGTON | * | |
| c/o 1250 Connecticut Avenue, N.W. | * | |
| Suite 700 | * | |
| Washington, D.C. 20036 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| DEPARTMENT OF DEFENSE | * | Civil Action No. 21-_____ |
| The Pentagon | * | |
| Washington, D.C. 20301–1155 | * | |
| | * | |
| and | * | |
| | * | |
| NATIONAL SECURITY AGENCY | * | |
| 9800 Savage Rd. Suite 6272 | * | |
| Ft. George G. Meade Maryland 20755 | * | |
| | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 et seq.,

and the Fifth Amendment to the U.S. Constitution to compel Defendants' actions that are

unreasonably delayed, as well as require a name clearing hearing, as to matters related to the

Plaintiff.

## JURISDICTION

1.  This Court has subject matter jurisdiction over this action, as well as personal jurisdiction

over the Defendants pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2.  Venue is appropriate under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff Katherine Arrington is a U.S. citizen, and a resident of the State of South Carolina. She joined the Department of Defense in 2019, as a highly qualified expert and has been serving as a civilian employee in the Senior Executive Service since 2020 as the Chief Information Security Officer for Acquisition and Sustainment to the Under Secretary of Defense for Acquisition and Sustainment. She previously served as a State Representative in South Carolina, where she had been endorsed by President Donald J. Trump in an unsuccessful 2018 congressional election.

4.   Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 702. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the Defense Counterintelligence and Security Agency ("DCSA") and the Consolidated Adjudications Facility ("CAF"), both of which have unreasonably delayed completing agency actions related to the Plaintiff.

## FACTS

5.   By Memorandum dated May 11, 2021, the Plaintiff was notified by a security officer within the Office of the Under Secretary of Defense for Acquisition and Management that her security clearance for access to classified information was suspended. It was noted that this "action is being taken as a result of a reported Unauthorized Disclosure of Classified Information and subsequent removal of access" by the NSA.

6.   By Memorandum dated May 12, 2021, the Plaintiff was notified by Deputy Assistant Secretary for Industrial Policy, Jesse Salazar, a political appointee of President Joseph R. Biden's

Administration, in the Office of the Under Secretary of Defense for Acquisition and Management, that she was now in a paid, non-duty status in light of her clearance access suspension.

7.   Despite repeated requests to DoD, NSA and DCSA for any information pertaining to NSA's actions and the reasoning for the clearance access suspension, no substantive information has been provided. Nor have the Defendants authorized Plaintiff's counsel, notwithstanding that they hold the appropriate security clearance level, to be informed of the substantive allegations underlying the actions taken against the Plaintiff.

8.   Upon information and belief, the NSA's action to allege the Plaintiff committed any type of security violation is baseless or exaggerated and normally would not serve as the grounds to immediately suspend an individual's clearance access. The decision was designed to interfere with the cyber security activities that Plaintiff was running through DoD, which NSA did not support. Nor did certain high-ranking DoD officials want the Plaintiff serving in a senior position within the Biden Administration due to her close previous ties with President Trump and they are using the NSA's decision as a pretext to remove her.

9.   In fact, there was no reason for DoD to suspend Plaintiff's Top Secret security clearance simply because NSA had removed her access to a small subset of information that was not needed for her to continue her daily work. Upon information and belief, the decision to unnecessarily suspend her DoD security clearance was for the reasons stated above.

10. Since the suspension action of May 11, 2021, unknown individuals within DoD have improperly, and possibly illegally, leaked privacy protected information concerning Plaintiff to unauthorized third parties for the purpose of further causing harm. Some of the leaked information has, in fact, been completely false and defamatory, such as assertions that her

security clearance had been revoked and that she had been fired. Neither of these events have occurred.

11. It has been five months since the Plaintiff's security clearance was suspended and there have been no indications the Defendants have taken any significant substantive steps to move their investigation forward, much less give the Plaintiff an opportunity to respond to any allegations. It is rare that an individual holding a Senior Executive Service position such as held by the Plaintiff would be left dangling in this way. Generally, these types of investigations would be expedited for senior officials. Upon information and belief, the Defendants are purposefully delaying or failing to take action in this matter in order to compel the Plaintiff to resign.

## **COUNT ONE (APA)**

12. The Plaintiff repeats and realleges paragraphs 5 through 11 above, inclusive.

13. Defendant DoD, through actions or inactions of the NSA, DCSA and CAF, have taken or failed to take actions involving the Plaintiff since May 2021.

14. The Plaintiff has been deprived of procedural and substantive due process.

15. No substantive agency action by the Defendants has occurred. The failure of the Defendants to act constitutes unreasonable delay as a matter of law.

16. As a result of failure of the Defendants to timely act, the Plaintiff has suffered and continues to suffer adverse and harmful professional and financial effects.

## **COUNT TWO**
## **(FIFTH AMENDMENT - NAME CLEARING HEARING)**

17.  The Plaintiff repeats and realleges the allegations contained in paragraph 5 through 11 above, inclusive.

18. The actions, or inactions, taken by the Defendants improperly, unlawfully and unconstitutionally are causing harm to the Plaintiff.

4

19.  No opportunity has been provided the Plaintiff to respond to the actions taken by the Defendants.

20. The Defendants are not authorized to take actions whereby an individual can be denied liberty without due process of law required by the Fifth Amendment. Therefore, the Plaintiff is entitled to a name-clearing hearing.

WHEREFORE, Katherine Arrington prays that this Court:

(1) Orders the Defendants to complete any actions related to the Plaintiff;

(2) Orders the Defendants to provide the Plaintiff with appropriate procedural and substantive due process;

(3) Orders the Defendants to provide the Plaintiff with a name-clearing-hearing;

(4) Orders the Defendants that Plaintiff's legal counsel has a "need-to-know" any relevant information concerning these actions;

(5) Award reasonable costs and attorney's fees as provided in 28 U.S.C. § 2412 (d) and any other applicable law;

(6) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and,

(7) grant such other relief as the Court may deem just and proper.

Date:   October 12, 2021

Respectfully submitted,

/s/ *Mark S. Zaid*

_____
Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for the Plaintiff