EXHIBIT "4"

 

**DEPARTMENT OF DEFENSE
CONSOLIDATED ADJUDICATIONS FACILITY
BUILDING 600 10TH STREET
FORT GEORGE G. MEADE, MD 20755-5615**

October 28, 2021

MEMORANDUM FOR MS. KATHERINE E. ARRINGTON, ▮

THROUGH: WASHINGTON HEADQUARTERS SERVICE HUMAN RESOURCES
DIRECTORATE - PERSONNEL SECURITY OPERATIONS DIVISION
(ATTN: SECURITY MANAGEMENT OFFICE)

SUBJECT: DoD CAF Memorandum, Intent to Revoke Eligibility for Access to Classified Information, Assignment to Duties that have been Designated National Security Sensitive, and Access to Sensitive Compartmented Information (SCI)

References: (a) DoDM 5200.02, Procedures for the DoD Personnel Security Program (PSP), April 3, 2017
(b) Security Executive Agent Directive 4, National Security Adjudicative Guidelines, December 10, 2016 (Effective June 8, 2017)
(c) ICD 704, Personnel Security Standards and Procedures Governing Eligibility for Access to Sensitive Compartmented Information, and Other Controlled Access Program Information, October 1, 2008
(d) ICPG 704.3, Denial or Revocation of Access to Sensitive Compartmented Information, Other Controlled Access Program Information, and Appeals Processes, October 2, 2008

1. Per the above references, a preliminary decision has been made by the Department of Defense (DoD) Consolidated Adjudications Facility (CAF) to revoke your eligibility for access to classified information, assignment to duties that have been designated national security sensitive, and access to Sensitive Compartmented Information (SCI).

2. A decision on eligibility for access to classified information, assignment to duties that have been designated national security sensitive, and SCI access is a discretionary security decision based on judgments by appropriately trained adjudicative personnel. Pursuant to reference (a), eligibility shall be granted only where facts and circumstances indicate eligibility for access to classified information is clearly consistent with the national security interests of the United States, and any doubt shall be resolved in favor of the national security. Information concerning your personal history has led to the security concern(s) listed in Attachment 1, *Statement of Reasons (SOR)*, which prevent the DoD CAF from making the affirmative decision that your eligibility is clearly consistent with the interests of national security. If this preliminary decision becomes final, you will not be eligible for access to classified information, assignment to duties that have been designated national security sensitive, and SCI access as defined by the above-cited references.

3. Your access to classified information was suspended by your organization.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

4. You must complete Attachment 2, *Statement of Reasons Receipt and Statement of Intent*, and forward it to the DoD CAF, via your organization's Security Management Office (SMO) or SCI SMO within ten (10) calendar days of receipt of this memorandum. Contact your SMO or SCI SMO for help in preparing and forwarding this form. If the completed Attachment 2 is not received at the DoD CAF, it will be presumed that you do not intend to submit a reply.

5. You may request the records upon which the DoD CAF relied on to make the preliminary decision. Attachment 3 is provided to assist you in requesting your records. Use the Defense Counterintelligence and Security Agency (DCSA) investigation request if your SOR is based upon a DCSA Investigation (formerly known as the Office of Personnel Management (OPM) investigation). Use the appropriate records request form(s) provided herein, if your SOR is based upon records other than, or in addition to, the DCSA investigation. Failure to request the record(s) in a timely manner, failure to provide an accurate mailing address, and/or failure to accept receipt of the record(s) upon delivery, will not serve as justification for an extension of time to respond to the SOR.

6. You may challenge this preliminary decision by responding, in writing, with any information or explanation that you think should be considered in reaching a final decision. Attachment 4, *Instructions for Responding to a Statement of Reasons*, provides instructions to assist you if you choose to submit a response. Attachment 5, *National Security Adjudicative Guidelines*, provides information on the guidelines and Attachment 6, *Applicable National Security Adjudicative Guidelines*, provides the specific national security adjudicative guideline(s) from reference (b) used in this preliminary decision.

7. You may choose to obtain legal counsel, or other assistance, in preparing your response to this preliminary decision. You may obtain civilian counsel, at your own expense, or, if you are eligible, from the staff of the Judge Advocate General. If you desire assistance from legal counsel, you should make those arrangements immediately.

8. If you choose the option to respond, your written response must be submitted through your SMO or SCI SMO within sixty (60) calendar days from the date you acknowledge receipt of this memorandum. Your SMO or SCI SMO will then forward it to the DoD CAF. To request an extension, you must provide a written request, with justification, to your SMO or SCI SMO prior to the current deadline. Your SMO or SCI SMO will then submit your request to the DoD CAF for review/approval. Any request for extension of time to respond may be granted only by the DoD CAF.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

9. If you choose the option not to respond or if you chose to respond but your response is not received by your SMO or SCI SMO within the specified time, this preliminary decision will become a final security determination on the merits of the information available. Please direct questions regarding this memorandum to your SMO or SCI SMO.

*Brett Huett*     by **dmp**

Brett Huett
Division Chief
Adjudications Directorate

Attachments:
1. Statement of Reasons
2. Statement of Reasons Receipt and Statement of Intent
3. Form(s) for Requesting Records
4. Instructions for Responding to a SOR
5. National Security Adjudicative Guidelines
6. Applicable National Security Adjudicative Guidelines

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

## STATEMENT OF REASONS (SOR) FOR MS. KATHERINE E. ARRINGTON,

The information listed below was derived from the documents listed at the end of this attachment (Attachment 1, Statement of Reasons). Each item of disqualifying information falls under one or more of the security guidelines listed below.

**GUIDELINE K: Handling Protected Information**

Available information shows issues of Handling Protected Information on your part.

Deliberate or negligent failure to comply with rules and regulations for handling protected information - which includes classified and other sensitive government information, and proprietary information - raises doubt about an individual's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern.

Per the Adjudicative Guidelines, conditions that could raise a security concern and may be disqualifying include:

You were issued a Notification of Suspension to Classified Information by the Office of the Under Secretary of Defense (Acquisition and Sustainment). The memorandum stated, in part, "This is to inform you that effective May 11, 2021, your Department of Defense personnel security clearance for access to classified information is being suspended." You signed and acknowledged the memorandum on May 11, 2021.

According to the OUSD (A&S) memo, your access was suspended because of a "reported Unauthorized Disclosure of Classified Information and subsequent removal of access by the National Security Agency (NSA)." It was alleged that your unauthorized disclosure could constitute a federal crime. The Air Force Office of Special Investigations (AFOSI) reviewed the details of the incident that precipitated the suspension of your access to classified information and, in an email between AFOSI and OUSD (A&S), dated May 13, 2021, noted they "could not identify any nefarious intent which would warrant a criminal or counterintelligence investigation at this time." The matter was deferred back to OUSD (A&S) Security for further review. Further, your attorney noted in an email sent to Ms. Lisa Turner, dated May 21, 2021, that no investigation was being conducted by DCSA or DoD OIG. Regardless of whether a formal investigation was conducted and despite AFOSI's determination there was no criminal intent, you disclosed Top Secret, highly sensitive classified and protected information to unauthorized persons, via electronic means, on an unclassified network, which had the potential to inflict exceptionally grave damage to the national security of the United States. Moreover, there is no evidence to suggest you personally reported this security violation, as required.

The DoDM 5200.01 establishes the minimum standards for safeguarding and protecting classified information. Executive Order 13526 prescribes a uniform system for classifying, safeguarding, and declassifying national security information, including information relating to defense against transnational terrorism. Your handling of the classified information in question was irresponsible and fell far short of these minimum standards when you disclosed classified information to unauthorized persons on an unclassified network. Your failure to protect

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

classified information and unauthorized disclosure of such, raise doubt regarding your trustworthiness, judgment, reliability, or willingness and ability to safeguard protected information. Therefore, your mishandling of protected information is a security concern. (Guideline K, Attachment 6)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

## List of Pertinent Documents

Office of the Under Secretary of Defense, Memorandum, Subject: Notification of Suspension of Classified Information, signed May 11, 2021

Email exchange between AFOSI and OUSD, dated May 13, 2021

Email from attorney Mark S. Zaid to Ms. Lisa Turner, dated May 21, 2021

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Statement of Reasons Receipt and Statement of Intent (Subject)**

I, Ms. Katherine E. Arrington, ▮▮▮▮▮▮▮▮, acknowledge that I have received the Statement of Reasons (SOR) notifying me of the Department of Defense Consolidated Adjudications Facility's preliminary decision to revoke my eligibility for access to classified information, assignment to duties that have been designated national security sensitive, and access to Sensitive Compartmented Information (SCI). I understand that this form must be returned to my organization's Security Management Office (SMO) or SCI SMO within ten (10) calendar days.

I will (select one):

☐ NOT submit a reply to the SOR.  I understand that by making this choice, this preliminary decision will become a final determination based on the merits of the available information.

☐ Submit a response via my organization's SMO or SCI SMO within sixty (60) calendar days of the date I acknowledged receipt of the SOR.  I understand that if my response is not received by the SMO or SCI SMO within the sixty (60) calendar days, or later date as provided in a valid extension of time, this preliminary decision will become a final determination based on the merits of the available information.

_____                           _____
           (Signature)                                                                                  (Date)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Statement of Reasons Receipt and Statement of Intent (SMO)**
Ms. Katherine E. Arrington, ▮

TO BE COMPLETED BY THE ORGANIZATION'S SMO or SCI SMO

This organization verifies the Statement of Reasons (SOR) package was delivered to Subject on _____/_____/_____.

The following action(s) will be taken (Select all that apply):

☐ Subject declared his/her intent NOT to sign the SOR Receipt and Statement of Intent form.

☐ Subject elected NOT to submit a reply to the SOR

☐ Subject will respond to the SOR.

    ☐ The organization has not granted an extension to the subject.

    ☐ The organization has granted an extension until _____/_____/_____ (not to exceed 60 days from the date of receipt of the SOR)

_____
Organization's SMO/SCI SMO (Print & Sign Name)                    (Date)

_____
Witness (Print & Sign Name) (Required if Subject refuses to sign form)   (Date)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

# REQUEST for RECORDS
## DCSA – Adjudications

To request a copy of **your employing agency or military command personnel security records; your medical records; or credit reports obtained by the DoD Consolidated Adjudications Facility (DoD CAF)**, please complete this form, provide copies of two (2) identity source documents, and mail to:

**Defense Counterintelligence and Security Agency (DCSA)**
**Attn: FOI/PA Office for Adjudications**
**600 10th Street**
**Fort George G. Meade, MD 20755-5131**

**Encrypted Email Only**: dcsa.meade.dcsa-dvd.mbx.dodcaf-privacy-act@mail.mil

**Note:** If submitting via e-mail, you should ensure that the security of your e-mail system is adequate for transmitting your sensitive personally identifiable information (PII) before choosing to transmit your request.

**Privacy Act Advisement:** Requesting personal information which includes your Social Security Number is authorized by 5 USC Sec. 552a (*Privacy Act of 1974*). Information provided herein is used to identify and retrieve records pertaining to you. Providing all or part of the information below is voluntary; however, without it, the DoD CAF may not be able to identify your records. This information may be retained and/or released to other agencies under Routine Use.

**Authority:** E.O. 12968, Access to Classified Information; Department of Defense Manual 5200.02, *Procedures for the DoD Personnel Security Program*.

**Description of Records:** Under the provisions of the *Privacy Act*, and to respond to a Statement of Reasons (SOR) issued by the DoD CAF, I hereby request a copy of record(s) pertaining to me, which the DoD CAF relied upon in its preliminary decision to deny/revoke my security eligibility.

**Required Personally Identifiable Information is provided as follows:**

Social Security Number:_____

Full Name:_____

Other Names Used:_____

Date of Birth:_____   Place of Birth:_____

Page 1 of 2

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Physical mailing address:**

_____

_____

**E-mail address (personal or government):**

_____

**Preferred delivery method:**     ☐ **Hardcopy Mail**     ☐ **Secure E-mail**

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing information [concerning my identity] is true and correct."*

_____        _____

Handwritten or CAC eSignature (required)         Date (required)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

## **Instructions for Responding to a Statement of Reasons**

1. The Statement of Reasons (SOR) is based on unfavorable information revealed in investigation(s) into your personal history, and/or received through other means, such as your organization's security office. Specific security concerns about your conduct or background are listed in the SOR.

2. These instructions are intended to help you provide the most accurate and relevant information as to why the preliminary decision should be reversed. However, it is only a guide. You should provide whatever information you wish to be considered by the DoD CAF in reaching a final decision.

3. If you decide to challenge the preliminary decision, you should address each area of security concern listed in the SOR as completely as possible. It is in your best interest to provide a timely response, including complete and accurate information with pertinent details and supporting documentation.

   a. Preparing your response

      (1) The SOR package and these instructions provide specific requirements and deadlines for compliance. You should carefully read the SOR to determine if the findings are accurate and whether there are circumstances that were not included which might have a favorable bearing in your case.

      (2) On the *Statement of Reasons Receipt and* Statement of Intent attached to the SOR, you must notify the DoD CAF, via your organization's Security Management Office (SMO) and/or Sensitive Compartmented Information (SCI) SMO, within ten (10) calendar days as to whether you intend to respond. If you choose to respond, your response must be submitted to your SMO and/or SCI SMO within thirty (30) calendar days from the date you received the SOR unless you requested and were granted an extension of time.

      (3) If you choose to respond, you should gather any documentation that supports your case. Your response and supporting documentation should be organized in the same order as the security concerns presented in the SOR. The documents that have the most impact will be those that refute, correct, explain, extenuate, mitigate, or update the unfavorable information presented in the SOR. Examples of documentation include: copies of court records with details or dispositions of arrests and status of probation; transcripts of court testimony taken under oath; probation reports; copies of negotiated plea bargains; releases from judgment or wage attachment; statements of account or letters from creditors verifying the status of delinquent accounts; receipts or copies of canceled checks for payment on debts; certificates of completion for alcohol/drug abuse rehabilitation programs; etc. Mere statements such as "I didn't do it," "It wasn't my fault," or "I paid those bills" will not carry as much weight as supporting documentation. You may provide statements from co-workers, supervisors, your commander, friends, neighbors and others concerning your judgment, reliability and trustworthiness, and any other information that you think should be considered before a final decision is made.

      (4) Seek assistance from your local security office on this matter. By separate memorandum, your SMO has been requested to provide any assistance you need in understanding this process. If they cannot answer your questions, they can request assistance from higher authority. The process is designed so Subjects can represent themselves. You may obtain legal counsel or other assistance in preparing your response; however, if you obtain private assistance, it must be obtained at your own expense. Remember it is up to you to decide

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

whether to respond or not. You are responsible for the substance of your response and it must be signed by you.

   b. Writing your response

      (1) Your response should be submitted in writing, via your SMO and/or Sensitive Compartmented Information (SCI) SMO, to the DoD CAF. It must be submitted before the expiration of the response deadline. You should address each item cited in the SOR separately. You should also admit or deny each item in the SOR and provide an explanation for each response.

      (2) Attach all supporting documentation, to include any available documentation that explains, refutes, corrects, extenuates, mitigates or updates each item cited in the SOR. Organize supporting documents in the order that they are cited in your response and enclose copies with your response. You may use dividers or tabs to help you assemble the supporting documentation in order.

      (3) The impact of your response will depend on the extent to which you can specifically refute, correct, extenuate, mitigate, or update security concerns cited in the SOR. If you believe that the unfavorable information in the SOR presents an incomplete picture of the situation or circumstances, you should provide information that explains your case. Bear in mind that the information you provide will be considered, but it also may be verified through additional investigation.

      (4) The National Security Adjudicative Guideline(s) pertinent to security concerns in your case are listed in Attachment 5. The guideline(s) provide a framework for weighing all available information, both favorable and unfavorable that is of security concern. The Guideline(s) aid in making a common-sense decision based upon all that is known about a Subject's personal history.

      (5) When you have completed your written response, ensure you sign and date it. Place your response and supporting documents in a single envelope or package and forward to the DoD CAF, via your organization's SMO and/or SCI SMO. Be sure to meet the time deadline for submission. When a final decision is made, you will be notified in writing, via your organization's SMO and/or SCI SMO. If the decision is favorable, your access eligibility will be granted or restored. If not, you may appeal the decision to higher authority.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

# NATIONAL SECURITY ADJUDICATIVE GUIDELINES
# FOR DETERMINING ELIGIBILITY FOR ACCESS TO CLASSIFIED INFORMATION
# OR ELIGIBILITY TO HOLD A SENSITIVE POSITION

1. Introduction.

   (a) The following National Security Adjudicative Guidelines ("guidelines") are established as the single common criteria for all U.S. Government civilian and military personnel, consultants, contractors, licensees, certificate holders or grantees and their employees, and other individuals who require initial or continued eligibility for access to classified information or eligibility to hold a sensitive position, to include access to sensitive compartmented information, restricted data, and controlled or special access program information (hereafter referred to as "national security eligibility"). These guidelines shall be used by all Executive Branch Agencies when rendering any final national security eligibility determination.

   (b) National security eligibility determinations take into account a person's stability, trustworthiness, reliability, discretion, character, honesty, and judgment. Individuals must be unquestionably loyal to the United States. No amount of oversight or security procedures can replace the self-discipline and integrity of an individual entrusted to protect the nation's secrets or occupying a sensitive position. When a person's life history shows evidence of unreliability or untrustworthiness, questions arise as to whether the individual can be relied upon and trusted to exercise the responsibility necessary for working in an environment where protecting the national security is paramount.

   (c) The U.S. Government does not discriminate on the basis of race, color, religion, sex, national origin, disability, or sexual orientation in making a national security eligibility determination. No negative inference concerning eligibility under these guidelines may be raised solely on the basis of mental health counseling. No adverse action concerning these guidelines may be taken solely on the basis of polygraph examination technical calls in the absence of adjudicatively significant information.

   (d) In accordance with EO 12968, as amended, eligibility for covered individuals shall be granted only when facts and circumstances indicate that eligibility is clearly consistent with the national security interests of the United States, and any doubt shall be resolved in favor of national security.

2. The Adjudicative Process.

   (a) The adjudicative process is an examination of a sufficient period and careful weighing of a number of variables of an individual's life to make an affirmative determination that the individual is an acceptable security risk. This is known as the whole-person concept. All available, reliable information about the person, past and present, favorable and unfavorable, should be considered in reaching a national security eligibility determination.

   (b) Each case must be judged on its own merits, and the final determination remains the responsibility of the authorized adjudicative agency. Any doubt concerning personnel being considered for national security eligibility will be resolved in favor of the national security.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

(c) The ultimate determination of whether the granting or continuing of national security eligibility is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the following guidelines, each of which is to be evaluated in the context of the whole person.

   (1) GUIDELINE A: Allegiance to the United States
   (2) GUIDELINE B: Foreign Influence
   (3) GUIDELINE C: Foreign Preference
   (4) GUIDELINE D: Sexual Behavior
   (5) GUIDELINE E: Personal Conduct
   (6) GUIDELINE F: Financial Considerations
   (7) GUIDELINE G: Alcohol Consumption
   (8) GUIDELINE H: Drug Involvement and Substance Misuse
   (9) GUIDELINE I: Psychological Conditions
   (10) GUIDELINE J: Criminal Conduct
   (11) GUIDELINE K: Handling Protected Information
   (12) GUIDELINE L: Outside Activities
   (13) GUIDELINE M: Use of Information Technology

(d) In evaluating the relevance of an individual's conduct, the adjudicator should consider the following factors:

   (1) the nature, extent, and seriousness of the conduct;
   (2) the circumstances surrounding the conduct, to include knowledgeable participation;
   (3) the frequency and recency of the conduct;
   (4) the individual's age and maturity at the time of the conduct;
   (5) the extent to which participation is voluntary;
   (6) the presence or absence of rehabilitation and other permanent behavioral changes;
   (7) the motivation of the conduct;
   (8) the potential for pressure, coercion, exploitation, or duress; and
   (9) the likelihood of continuation or recurrence.

(e) Although adverse information concerning a single criterion may not be sufficient for an unfavorable eligibility determination, the individual may be found ineligible if available information reflects a recent or recurring pattern of questionable judgment, irresponsibility, or unstable behavior. However, a single criterion may be sufficient to make an unfavorable eligibility determination even in the absence of a recent occurrence or a recurring pattern. Notwithstanding the whole-person concept, pursuit of further investigation may be terminated by an appropriate adjudicative agency in the face of reliable, significant, disqualifying, adverse information.

(f) When information of security concern becomes known about an individual who is currently eligible for access to classified information or eligible to hold a sensitive position, the adjudicator should consider whether the individual:

   (1) voluntarily reported the information;
   (2) was truthful and complete in responding to questions;
   (3) sought assistance and followed professional guidance, where appropriate;
   (4) resolved or appears likely to favorably resolve the security concern;
   (5) has demonstrated positive changes in behavior; and

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

    (6) should have his or her national security eligibility suspended pending final adjudication of the information.

    (g) If after evaluating information of security concern, the adjudicator decides the information is serious enough to warrant a recommendation of denial or revocation of the national security eligibility, but the specific risk to national security can be managed with appropriate mitigation measures, an adjudicator may recommend approval to grant initial or continued eligibility for access to classified information or to hold a sensitive position with an exception as defined in Appendix C [of Security Executive Agent Directive 4, National Security Adjudicative Guidelines, signed December 10, 2016, effective June 8, 2017].

    (h) If after evaluating information of security concern, the adjudicator decides that the information is not serious enough to warrant a recommendation of denial or revocation of the national security eligibility, an adjudicator may recommend approval with a warning that future incidents of a similar nature or other incidents of adjudicative concern may result in revocation of national security eligibility.

    (i) It must be noted that the adjudicative process is predicated upon individuals providing relevant information pertaining to their background and character for use in investigating and adjudicating their national security eligibility. Any incident of intentional material falsification or purposeful non-cooperation with security processing is of significant concern. Such conduct raises questions about an individual's judgment, reliability, and trustworthiness and may be predictive of their willingness or ability to protect national security.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Applicable National Security Adjudicative Guidelines**

The relevant national security adjudicative guidelines as published in the *Security Executive Agent Directive 4, National Security Adjudicative Guidelines, December 10, 2016 (Effective June 8, 2017)* for each area of security concern are attached. Please be aware that each Guideline criteria may not be applicable to your case.

**GUIDELINE K: HANDLING PROTECTED INFORMATION**

*The Concern*. Deliberate or negligent failure to comply with rules and regulations for handling protected information—which includes classified and other sensitive government information, and proprietary information—raises doubt about an individual's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern.

*Conditions that could raise a security concern and may be disqualifying include:*
   (a) deliberate or negligent disclosure of protected information to unauthorized persons, including, but not limited to, personal or business contacts, the media, or persons present at seminars, meetings, or conferences;
   (b) collecting or storing protected information in any unauthorized location;
   (c) loading, drafting, editing, modifying, storing, transmitting, or otherwise handling protected information, including images, on any unauthorized equipment or medium;
   (d) inappropriate efforts to obtain or view protected information outside one's need to know;
   (e) copying or modifying protected information in an unauthorized manner designed to conceal or remove classification or other document control markings;
   (f) viewing or downloading information from a secure system when the information is beyond the individual's need-to-know;
   (g) any failure to comply with rules for the protection of classified or sensitive information;
   (h) negligence or lax security practices that persist despite counseling by management; and
   (i) failure to comply with rules or regulations that results in damage to the national security, regardless of whether it was deliberate or negligent.

*Conditions that could mitigate security concerns include:*
   (a) so much time has elapsed since the behavior, or it has happened so infrequently or under such unusual circumstances, that it is unlikely to recur and does not cast doubt on the individual's current reliability, trustworthiness, or good judgment;
   (b) the individual responded favorably to counseling or remedial security training and now demonstrates a positive attitude toward the discharge of security responsibilities;
   (c) the security violations were due to improper or inadequate training or unclear instructions; and
   (d) the violation was inadvertent, it was promptly reported, there is no evidence of compromise, and it does not suggest a pattern.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511